Maximilian Moss, S.
Construction of testator’s will is required in connection with his gifts in trust ‘‘ for each of my grandchildren of the whole blood who shall survive me ” (emphasis supplied). He was survived by five grandchildren, the natural issue of three of his children, and by an adopted son of another child. The adoption was known to the testator prior to the execution by him of his will. The adopted child is not related by blood to the testator.
Testator further provided that upon the death of any of “ my grandchildren of the whole blood ” prior to attaining age 21, his trust was to be divided equally among the surviving beneficiaries and testator additionally provided that ‘ ‘ my grandchil *600 dren of the whole blood shall be my residuary beneficiaries.” While all of the five grandchildren as between themselves are not of the “ whole blood ” as their parents are not the same (Matter of Skidmore, 148 Misc. 569, 579), they are of the “ whole blood ” to the testator as each possesses the same ingredients in the composition of his blood as the other (Matter of Skidmore, supra, p. 579). The term “ whole blood ” has an accepted meaning, and since there are persons precisely meeting the description thereof, the court may not go further (Matter of Skidmore, supra, p. 581 and cases cited; Matter of Ellis, 178 Misc. 491, affd. 264 App. Div. 846). The court accordingly holds that under the language of the will the adopted son of testator’s child is not one of testator’s beneficiaries included in the group of “ grandchildren of the whole blood ”, and that the only persons within that class are the five natural children of testator’s three children. Settle decree on notice.